IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JUSTIN MACK McKENNON, | |
| Petitioner, | |
| v. | Case No. 1:22-cv-01049-SHM-tmp |
| TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL., | |
| Defendants. | |

**ORDER DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1, 4 & 9) IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE; GRANTING LEAVE TO AMEND CLAIMS IN THE CONSOLIDATED COMPLAINT DISMISSED WITHOUT PREJUDICE, AND DIRECTING CLERK TO MODIFY THE DOCKET**

On March 16, 2022, Plaintiff, Justin Mack McKennon, Tennessee Department of Correction ("TDOC") prisoner number 00388254, filed a *pro se* complaint (the "Complaint") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) When McKennon filed the Complaint, he was confined at the Hardeman County Correctional Facility (the "HCCF"), in Whiteville, Tennessee.[1] On March 17, 2022, the Court ordered McKennon to comply with 28 U.S.C. § 1915(A)(1)-(2) or pay the four hundred and two dollar ($402) civil filing fee. (ECF No. 3.) On April 11, 2022, McKennon filed an amended complaint (the "Amended Complaint") and a motion for leave to proceed *in forma pauperis* (the "IFP Motion"). (ECF Nos. 4 & 5.) On April 18, 2022, the Court issued a second order directing McKeenon to comply with 28 U.S.C. § 1915(A)(1)-(2) or pay the

---

[1] According to the Tennessee Department of Correction Felony Offender Information website, McKennon's sentence ended on March 27, 2023. (*See* https://foil.app.tn.gov/foil/details.jsp (listing McKennon as "inactive") (last accessed Jan. 15, 2025).)

four hundred and two dollar ($402) civil filing fee.² (ECF No. 6.)  On May 13, 2022, McKeenon filed a second motion to proceed *in forma pauperis*. (ECF No. 7.)  On May 19, 2022, the Court granted leave to proceed *in forma pauperis* and assessed the three hundred and fifty dollar ($350.00) civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, et seq. (the "PLRA"). (ECF No. 8 (the "IFP Order").)  The Court notified McKennon that, "[i]f [he] is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address … If Plaintiff fails to abide by these or any other requirements of this [O]rder, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court." (*Id.* at PageID 38.)  McKennon has not notified the Clerk of Court that McKennon has been released from confinement.

On June 21, 2022, McKennon filed an unnamed document comprised of four hand-written pages listing complaints and four pages containing inmate grievance reports (the "Letter"). (ECF No. 9.)  The Court CONSOLIDATES the Complaint (ECF No. 1), the Amended Complaint (ECF No. 4) and the Letter (ECF No. 9) as the "Consolidated Complaint" for the purpose of screening McKennon's claims pursuant to the PLRA.

The Consolidated Complaint addresses an incident in which McKennon's "ear was bitten off [at the HCCF] and the peice (sic) was lost in the ER [Jackson-Madison County General Hospital Emergency Room]" on February 7, 2022. (ECF Nos. 1 & 4 at PageID 2, 15.)  The majority of the Consolidated Complaint's claims occur between February 2022 and May 2022. (*See* ECF Nos. 4 & 9 at PageID 15, 39-47.)  The Consolidated Complaint is liberally construed to allege claims of: (1) racial discrimination; (2) cruel and unusual punishment; (3) conditions of

---

² McKennon failed to attach a prison trust account statement to his IFP Motion. (*See* ECF No. 5.)

2

confinement; (4) deprivation or denial of medical care; (5) medical negligence; and (6) medical malpractice. (ECF Nos. 4 & 9 at PageID 15-19, 39-47.) McKennon sues: (1) TDOC; (2) HCCF; (3) CoreCivic; (4) Jackson-Madison County General Hospital (the "JMCGH"); and (5) the JMCGH Emergency Room (collectively, the "JMCGH Defendants"). (ECF No. 4 at PageID 13.) McKennon seeks: (1) one million dollars ($1,000,000.00) from each Defendant; (2) a home to live in when released from prison; (3) an office to work from to help prisoners and young people to know about their civil rights; (4) to have a say in prison reform; and (5) to have the Courts provide funding for his trust account. (*Id.* at PageID 17, 19.)

The Consolidated Complaint (ECF Nos. 1, 4 & 9) is before the Court. For the reasons explained below, the Court: (1) DISMISSES Plaintiff's Consolidated Complaint WITHOUT PREJUDICE for failure to state a claim to relief against Defendants; and (2) GRANTS leave to amend the claims dismissed without prejudice.

I.     **BACKGROUND**

The Court assumes McKennon's allegations are true for purposes of screening the Consolidated Complaint. CoreCivic and TDOC have not provided safe and adequate housing to McKennon since his arrival at HCCF. (ECF No. 4 at PageID 15.) "It's worse than being in a war zone [and] needs to be shut down now." (*Id.*) On February 7, 2022, no corrections officers were on post and McKennon's ear was bitten off. (*Id.*) The piece of McKennon's ear that was bitten off was lost in the JMCGH Emergency Room. (*Id.* at PageID 14.) The doctors at JMCGH had to remove skin from McKennon's chest to "replace it." (*Id.*) The corrections officers at HCCF are never on post and are understaffed. (*Id.*) McKennon is not being allowed five hours of recreation time a week and there is no recreation equipment and there are no basketball goals in the segregation recreation areas. (*Id.*) McKennon's doctors at JMCGH advised that he should be

3

placed in medical observation on his return to the prison. McKennon returned to HCCF but was never placed in medical observation. (*Id.* at PageID 17.) Dr. John G. Sparrow, the plastic surgeon at JMCGH, was "mad." McKennon does not provide any additional details about Dr. Sparrow. (*Id.*) McKennon alleges his "civil rights are continually being broke (sic)." (*Id.*) McKennon alleges "they are messing with legal mail." (*Id.*) McKennon is being bitten by ants in his cell while he sleeps. (*Id.*) McKennon has no mirror in his cell, has no chairs to sit on, and has no table to eat, read, or do legal work. (*Id.*)

McKennon alleges people are being beaten, stabbed, overdosed, and dying every day. (*Id.* at PageID 18.) McKennon alleges white prisoners are being discriminated against in grievance proceedings. (*Id.*) McKennon alleges in twenty-one separate handwritten paragraphs his complaints about prison conditions at HCCF from March 14, 2022, through May 4, 2022. (ECF No. 9 at PageID 39-42.) On March 14, 2022, McKennon alleges he sent a "request to the warden" about his inadequate housing. (*Id.* at PageID 39.) McKennon complains he has no mirror, panic button or adequate storage for the personal items in his cell. (*Id.*) McKennon alleges he hasn't received a reply from the warden about his "request." (*Id.*) However, McKennon attaches an inmate grievance dated March 19, 2022, containing these complaints and several others. (*Id.* at PageID 46-47.) McKennon also attaches a response from grievance chairperson Sgt. Wilson, stating that McKennon's grievance could not be processed because McKennon failed to follow TDOC policy. (*Id.* at PageID 45.)

McKennon alleges that, on March 15, 2022, he sent requests to the warden because his oatmeal and eggs were served cold and he did not receive sweetener, coffee, or Kool-Aid. McKennon received no reply. (*Id.* at PageID 39.) McKennon alleges that, on March 19, 2022, he sent a request to the warden saying he wanted to appeal his disciplinary board conviction because

4

TDOC policies had been violated and McKennon felt it was unfair that he was the only "Caucasian" in the disciplinary hearing. (*Id.*) On March 24, 2022, McKennon alleges Lt. Anderson denied McKennon's request to be taken to use the phone in another area when the phones in the recreation area were not working. (*Id.* 40-41.) McKennon made multiple requests to obtain his trust account statements. (*Id.* at PageID 41.) McKennon was allowed a shower on March 28, 2022, but was given no recreation time. (*Id.*) On March 30, 2022, the phones in the outside recreation area were not working. (*Id.*)

On April 1, 2022, there were spiders in McKennon's shower, and he alerted prison staff. (*Id.*) McKennon alleges he was bitten by ants in his cell overnight on April 2, 2022, and a food tray in his cell was "full of ants." (*Id.* at PageID 41-42.) On April 2, 2022, McKennon alleges other inmates were sitting with inmates on suicide watch. (*Id.* at PageID 42.) On May 1, 2022, McKennon alleges there were eighteen hours between the time he received his dinner tray and his breakfast tray the following morning. McKeenon alleges there was no cheese or substitute item on his breakfast tray. (*Id.*) McKennon alleges that, on May 2, 2022, there were inmates on suicide watch with other inmates and inmates being given authority over other inmates. (*Id.*)

II. **SCREENING**

A. **LEGAL STANDARD**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic*

5

*Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. REQUIREMENTS TO STATE A CLAIM UNDER § 1983

McKennon sues under 42 U.S.C. § 1983. (ECF Nos. 1 & 4 at PageID 1, 13.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the

6

"Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III.   ANALYSIS

#### A.   Claims Against The JMCGH Defendants

The JMCGH is a "not-for-profit … care center … organization" that is "[t]otally self-supporting, without need for local tax support." (*See* https://www.wth.org/locations/jackson-madison-co-general/.) McKennon's claims against the JMCGH Defendants are not cognizable under § 1983. "A § 1983 plaintiff may not sue purely private parties." *Brotherton v. Cleveland*, 173 F.3d 552, 567 (6th Cir. 1999). "In order to be subject to suit under § 1983, [a] defendant's actions must be fairly attributable to the state." *Collyer v. Darling*, 98 F.3d 211, 231-32 (6th Cir. 1997). To be considered to have acted "under color of state law," an individual: (1) must be a state or local government official or employee; (2) must have "acted together with or ... obtained significant aid from state officials" and done so to such a degree that [the individual's] actions may properly be characterized as "state action", *see Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) or (3) must exercise powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974).

McKennon alleges no facts from which the Court can plausibly infer that the JMCGH Defendants are state actors for purposes of § 1983. The complaint alleges no facts demonstrating that: (1) the JMCGH Defendants functioned as arms of the State of Tennessee, Madison County, the City of Jackson, or any other governmental entity by rendering medical care to McKennon on February 7, 2022, *See Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003); or that (2) the JMCGH Defendants' alleged actions were taken pursuant to an unconstitutional policy or custom of JMCGH that was the "moving force" behind alleged violation of McKennon's constitutional rights. *See Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).

McKennon's allegations are liberally construed as claims of medical negligence and medical malpractice against employees of the JMCGH Defedants. (*See* ECF No. 4 at PageID 14-15.) McKennon's claims of medical negligence and medical malpractice were decided by this Court in Case 1:23-cv-01001-SHM-tmp and were dismissed. (*See* 1:23-cv-01001-SHM-tmp, ECF Nos. 8 & 9 at PageID 25-26, 32.) The Consolidated Complaint does not allege any additional facts about the JMCGH Defendants not addressed in Case 1:23-cv-01001-SHM-tmp.

McKennon's claims against the JMCGH Defendants under § 1983 are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### B. Claims Against TDOC, CoreCivic and HCCF

McKennon's claims against TDOC, are construed as claims against the State of Tennessee. A state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71. Section 1983 does not authorize suites against state entities. *See Will* 491 U.S. at 58, 65. "*Will* removes persons acting in their official capacities on behalf of the State from the scope of § 1983 altogether, thereby eliminating the need for a court to undertake any sort of immunity analysis with respect to such a claim[.]" *Gean v. Hattaway*, 330 F.3d 758, 766–67, 2003 WL 21295019 (6th Cir. 2003).

McKennon does not state a claim to relief against TDOC or the State of Tennessee. For the reasons explained above, McKennon's § 1983 claims against (a) the TDOC and (b) the State of Tennessee are **DISMISSED WITH PREJUDICE** for failure to state a claim to relief.

McKennon sues HCCF and CoreCivic. (*See* ECF No. 1 at PageID 1.) CoreCivic is the private corporation that operated the HCCF when McKennon was incarcerated there. (*See* https://www.corecivic.com/about (CoreCivic website's "About Us" page) (last accessed Jan. 6, 2025).) McKennon fails to state a claim to relief against CoreCivic or HCCF.

8

"A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas*, 55 F. App'x 748, 748 (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit applies the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18. CoreCivic "cannot be held liable under a theory of *respondeat superior*." *Braswell*, 419 F. App'x 622, 627. To prevail on a § 1983 claim against CoreCivic, McKennon "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of McKennon's rights. *See id.*

McKennon does not allege that any actions described in the Consolidated Complaint were taken pursuant to a policy or custom of CoreCivic that was "the moving force" behind any violation of McKennon's constitutional rights. McKennon does not allege that the Defendants implemented an unconstitutional policy of CoreCivic to deprive McKennon of his constitutional rights. That distinction is dispositive for the purpose of analyzing the insufficiency of the Consolidated Complaint's factual allegations about CoreCivic. *See Montgomery v. Conrad*, No. 3:21-cv-0820, 2022 WL 509111, at *1 (M.D. Tenn. Feb. 18, 2022) ("The Complaint does not allege that any policy or custom of the … County caused the violation of Plaintiff's constitutional rights; indeed, he complains that his alleged harm was caused by the failure to follow [the alleged policies]. Generally, '[i]f employees aren't following the policy, then the policy itself isn't causing the injury.' *Harvey v. Dart*, No. 19-CV-2996, 2021 WL 4264312, at *6 (N.D. Ill. Sept. 20, 2021). Accordingly, the Section 1983 claims against the … [municipal entity defendant] and its employees in their official capacity cannot be allowed to proceed"); *accord Richardson v. Webb*, No. 15-2537-JDT-cgc, 2016 WL 4532378, at *1 (W.D. Tenn. Aug. 29, 2016) ("[T]he third

9

amended complaint still fails to state a claim against [the municipal entity defendant]. While [Plaintiff] ostensibly alleges that his injury was due to a policy or custom of these Defendants, what he actually alleges is that his injuries are due to the Defendants' *failure* to follow their established policies. He does not allege that the policies themselves are unconstitutional") (emphasis in original). McKennon does not allege anything about CoreCivic, much less that one of CoreCivic's policies or customs was the moving force behind the alleged violations of McKennon's constitutional rights. McKennon, therefore, fails to state a claim under § 1983 against CoreCivic.

To the extent McKennon alleges a claim under § 1983 against the HCCF, the complaint fails to state a claim to relief. Under § 1983, a jail is not a "person" subject to suit. *Marbry v. Corr. Med. Serv.*, 238 F.3d 422 (table), No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000).

For these reasons, McKennon's claims against CoreCivic are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. McKennon's claims against HCCF are DISMISSED WITH PREJUDICE for failure to state a claim to relief.

## IV.     **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (*per curiam*) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the

10

deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court grants leave to amend the complaint under the conditions set forth below.

## V.     CONCLUSION

For the reasons set forth above:

    A.    The Clerk is **DIRECTED** to add the State of Tennessee as a defendant;

    B.    The Court **DISMISSES WITH PREJUDICE** McKennon's § 1983 claims against TDOC, the State of Tennessee, and HCCF for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii);

    C.    The Court **DISMISSES WITHOUT PREJUDICE** McKennon's § 1983 claims against JMCGH Defendants, and CoreCivic for failure to allege facts stating a claim to relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1);

    D.    Leave to amend claims dismissed without prejudice in the Consolidated Complaint is **GRANTED**. Amended claims must be filed within twenty-one (21) days of the date of this Order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of McKennon's claims. An amended complaint supersedes the

11

      Consolidated Complaint and must be complete in itself without reference to the prior pleadings. McKennon or his counsel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If McKennon fails to file an amended complaint within the time specified, the Court will dismiss the Consolidated Cmplaint with prejudice and enter judgment. For § 1915(g) analysis, the Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting *in forma pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).

B.    McKennon is **ORDERED** to notify the Court in writing, within twenty-one (21) days of the date of entry of this Order, of McKennon's present address. (*See* https://foil.app.tn.gov/foil/details.jsp (last accessed Jan. 3, 2025).) If McKennon fails to abide by this or any other provisions of this Order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED, this <u>16th</u> day of January, 2025.

                                          <u>/s/ *Samuel H. Mays, Jr.*</u>
                                          SAMUEL H. MAYS, JR.
                                          UNITED STATES DISTRICT JUDGE